UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES R. SIZELOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-03659-SEB-TAB |
| ) | |
| MADISON-GRANT UNITED SCHOOL ) | |
| CORPORATION and STEVEN A. VORE, ) | |
| *Assistant Superintendent, in his official and* ) | |
| *individual capacities*, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTION TO AMEND JUDGMENT**

Now before the Court is Defendants' Motion to Amend Judgment [Dkt. 84], filed on May 4, 2022, pursuant to Federal Rule of Civil Procedure 59(e). Specifically, Defendants Madison-Grant United School Corporation ("the School") and Steven A. Vore (collectively, "Defendants") seek an amendment to the April 7, 2022 Final Declaratory Judgment and Injunction issued against them on grounds that the Court erred in entering judgment against Mr. Vore without first explicitly addressing Defendants' Rule 72(a) objections to the Magistrate Judge's September 28, 2020 order permitting Plaintiff James R. Sizelove to amend his complaint to add Mr. Vore as a defendant, two months beyond the stipulated deadline for doing so. Defendants argue that because Mr. Sizelove did not meet the heightened "good cause" standard required under Rule 16(b)(4) of the Federal Rules of Civil Procedure for amending pleadings after the deadline to amend has expired, and because the Magistrate Judge's order fails to conduct that

1

required analysis, or make such a finding, the final judgment should be amended to deny Mr. Sizelove's motion for leave to amend his complaint, to vacate the judgment against Mr. Vore in his official and individual capacities, and to enter judgment against only the School.  For the reasons detailed below, we DENY Defendants' motion.

## Factual and Procedural Background

Mr. Sizelove filed his original complaint in this action on August 28, 2019, alleging that the School suspended him in violation of his First Amendment rights for engaging in speech on an issue of public concern, to wit, expressing his opposition to the School's plan to "reconfigure" two of its elementary schools.  At the time the complaint was filed, the School was the only named defendant.

The "Notice of Paid Administrative Leave" effecting Mr. Sizelove's suspension (signed by Mr. Vore) was attached to his complaint and provided, in pertinent part, as follows:

> During the week of August 12, 2019, the [School's] Board Members had been notified of additional comments made by Mr. Sizelove in reference to renewed discussions involving configuration of schools.
>
> It is the opinion of the administration of [the School] that this continued lack of respect and blatant disregard related to the expectations of an employee of [the School] will not be tolerated.

Dkt. 1-1 at 1.  The School's Answer and Affirmative Defenses included the following as an affirmative defense: "Plaintiff's claims under *Monell*, if any, are barred to the extent they have failed to properly state a claim."  Dkt. 18 at 9.

On two occasions early in the litigation, the parties jointly tendered proposed case management plans in each of which the School articulated its defense as follows:

2

> Due to Plaintiff's false statements and disregard of the School Corporation's policies, Plaintiff was placed on paid administrative leave from August 19 to August 26, 2019.

Dkt. 19 at 2; Dkt. 29 at 2.  The parties' proposed case management plans also provided that:

> Defendant intends to seek summary judgment on grounds that it did not violate Plaintiff's constitutional rights, disciplined Plaintiff for his false statements, Plaintiff suffered no damages, and Plaintiff's request for injunctive relief is impermissible.

Dkt. 19 at 5; Dkt. 29 at 5–6.  Ultimately, in an attempt to facilitate resolution of the case, neither of these proposed case management plans was entered.  After settlement negotiations between the parties dissolved, however, the Court, on May 11, 2020, following a telephonic conference, entered a scheduling order setting deadlines to complete discovery and file dispositive motions.  As relevant here, the May 11 Order provided that "[a]ny motion for leave to amend shall be filed by June 29, 2020."  Dkt. 31.

Two months later, on August 27, 2020, Mr. Sizelove was deposed, during the course of which, the School's attorney asked Mr. Sizelove whether he believed "the paid administrative leave … was …caused by a school corporation policy" (Dkt. 41-1 at 3); whether he was "aware of a widespread practice at Madison-Grant where school corporation officials go after employees that raise concerns" (Dkt. 41-1 at 4); and whether he believed "that [his] suspension with[] pay was part of a persistent and widespread practice at Madison-Grant United School Corporation" (Dkt. 41-1 at 6).  In response to certain of these questions, Mr. Sizelove testified that he believed "a personal vendetta, not a custom, policy or practice, caused his injury."  Dkt. 50 at 8–9.

3

Two business days later, on August 31, 2020, Mr. Sizelove moved for leave to amend his complaint to supplement his theory of relief to target the actions of Mr. Vore and to name him individually as a defendant "given the likelihood that the School will raise a *Monell* defense." Dkt. 36 at 4. In his motion to amend, Mr. Sizelove stated that he had "good cause" for requesting amendment outside the June 29, 2020 deadline because the School's intention to pursue a *Monell* defense was not made clear until its counsel began asking Mr. Sizelove about the School's policies and widespread practices during his August 27, 2020 deposition. The School opposed Mr. Sizelove's motion to amend on grounds that Mr. Sizelove could not establish "good cause" for his untimely request to add Mr. Vore as a defendant as it was Mr. Sizelove's own testimony that triggered the request, and Mr. Sizelove and his counsel knew, or should have known, before the June 29, 2020 deadline to amend that he believed a personal vendetta rather than a School policy or practice caused his injury.

On September 28, 2020, the Magistrate Judge being duly advised granted leave to Mr. Sizelove to amend his complaint and to add Mr. Vore as a defendant; the amended complaint was filed later that same day. In his order granting Mr. Sizelove's motion to amend, the Magistrate Judge reasoned that the language in the "Notice of Paid Administrative Leave" effecting Mr. Sizelove's suspension is "not indicative of Vore acting alone and independently" but rather "suggests a decision attributable to the school under *Monell*." The Magistrate Judge also noted that prior to Mr. Sizemore's August 27, 2020 deposition, the School had consistently indicated to Plaintiff and to the Court that no "*Monell* defense" would be raised. Dkt. 45 at 2. Based on these facts, the Magistrate

4

Judge found persuasive Mr. Sizelove's argument that Plaintiff "had no reason to suspect *Monell* liability was at issue in this case" until he was deposed, and that Mr. Sizelove therefore acted diligently in seeking amendment as his motion was filed within two business days of his deposition. *Id.* at 2–3. In granting leave to amend, the Magistrate Judge also found that the School had failed to establish that it would be prejudiced by the amendment. *Id.* at 3. The Magistrate Judge, admittedly, referenced neither the Rule nor the good cause standard as such.

On October 8, 2020, the School filed its Rule 72(a) Objections to Court Order Granting Plaintiff's Motion for Leave to File Amended Complaint ("Rule 72(a) Objections), which objections were thereafter fully briefed by the parties.

On April 7, 2022, without addressing Defendants' objections under Rule 72(a), the Court ruled on the parties' cross motions for summary judgment, holding as is relevant here: (1) the School and Mr. Vore violated Mr. Sizelove's First Amendment rights; (2) Mr. Vore was not entitled to qualified immunity; (3) Mr. Sizelove's individual-capacity claim against Mr. Vore was not duplicative of his claim against the School; and (4) Mr. Sizelove was entitled to injunctive relief, but was limited to a recovery of no more than nominal damages. Final judgment was entered against both Defendants on that same day. On May 4, 2022, Defendants filed the instant motion to amend judgment.

## Legal Analysis

"To prevail on a Rule 59(e) motion to amend judgment, a party must 'clearly establish' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.*,

5

698 F.3d 587, 598 (7th Cir. 2012). Here, Defendants argue that we committed a manifest error of law by failing to rule on Defendants' Rule 72(a) Objections to the Magistrate Judge's order granting Mr. Sizelove leave to amend his complaint to add Mr. Vore as a defendant before we issued final judgment against both Defendants on April 7, 2020.

However, though the Federal Rules of Civil Procedure require the district court to "consider timely [Rule 72(a)] objections and modify or set aside any part of the order that is clearly erroneous or contrary to law," (Fed. R. Civ. P. 72(a)), Defendants have failed to cite, and we have not found any case holding that a district court's failure to issue an explicit written ruling on such objections constitutes a manifest error of law. Rather, under similar circumstances, to wit, where district courts have entered final judgment without expressly ruling on a pending Rule 72(a) objection, the entry of final judgment is deemed to be an implicit denial of the objection. *E.g.*, *Muhammad v. Sapp*, 494 Fed. App'x 953, 959 (11th Cir. 2012) (observing that "entry of a final judgment constituted an implicit denial of those [Rule 72(a)] objections")) (citing *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981) ("The denial of a motion by the district court, although not formally expressed, may be implied by the entry of final judgment (which is in effect an overruling of pending pretrial motions) or of an order inconsistent with the granting of the relief sought by the motion.")); *see also Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111 (10th Cir. 2004) (holding that the district court's failure to address Rule 72(a) objections could be properly construed as an implicit denial of those arguments); *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000) (interpreting lack of explicit statement on Rule 72(a) objections as refusal to overrule the

6

magistrate judge's order). We hold that our entry of final judgment against Mr. Vore should properly be construed as an implicit overruling of Defendants' Rule 72(a) Objections to the Magistrate Judge's order allowing Mr. Sizemore to add Mr. Vore as a defendant in this case, and accordingly our failure to explicitly overrule those objections prior to issuing final judgment is not a manifest error of law.

Even assuming it was such an error not to explicitly address Defendants' Rule 72(a) Objections, it was harmless, given Defendants' failure to establish that the Magistrate Judge's order was "clearly erroneous or contrary to law," which is the required legal standard for a reversal of a nondispositive ruling. Fed. R. Civ. P. 72(a). Defendants identify the Magistrate Judge's failure to explicitly conduct the "good cause" analysis required by the Federal Rules of Civil Procedure and Seventh Circuit precedent when, as here, the request to amend is untimely as clearly erroneous or contrary to law. Despite the absence of any explicit reference to the Rule 16 "good cause" standard, it is clear from the reasoning of this highly experienced Magistrate Judge that in allowing the amendment he applied the proper legal standard. The Magistrate Judge's order focuses on Mr. Sizemore's diligence in seeking leave to amend his complaint, which is the primary factor in determining whether "good cause" for an untimely amendment exists. *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment.").

In addition, the Magistrate Judge clearly did not err in concluding that Mr. Sizelove was diligent in seeking to amend his complaint. Clearly, Plaintiff bears the

ultimate burden of proving *Monell* liability, which includes proof of each of the essential elements of the claim, including that a policy or widespread practice of the municipal entity caused his injury. The salient fact driving the Magistrate Judge's decision, however, was that up until the time of Mr. Sizelove's deposition, the School had "explicitly made clear to the Plaintiff and the Court" that *Monell*'s "practice or policy" element was not at issue in this case. Dkt. 45 at 2. According to the Magistrate Judge, it was only during the deposition, when the School's counsel questioned Mr. Sizelove regarding his views on the School's policies and widespread practices, that Plaintiff and his counsel were put on notice that this element of his case was in fact disputed, and, thus, Mr. Sizelove had acted diligently when he sought to amend his complaint within two business days following his deposition. Under these circumstances, we hold that the Magistrate Judge did not clearly err or act contrary to law in exercising his discretion to grant Plaintiff leave to amend.

## Conclusion

For the reasons detailed above, Defendants' Motion to Amend Judgment [Dkt. 84] is **DENIED**.

IT IS SO ORDERED.

Date: 6/27/2022

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
jmayes@boselaw.com

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org